**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Jim Reilly and Rachael Reilly, ) | Civil Case No. 3:15-cv-04895-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| South Carolina Electric & Gas Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiffs Jim Reilly and Rachael Reilly ("Plaintiffs") filed this action seeking damages from Defendant South Carolina Electric & Gas Company ("SCE&G") for the damage caused to their home by flood water released from Lake Murray when SCE&G opened floodgates. (ECF No. 1-1 at 3–9.)

This matter is before the court by way of Plaintiffs' Motion for Reconsideration of the court's Order entered on April 19, 2016 (the "April Order"), or, in the alternative, Motion for Certification pursuant to 28 U.S.C. § 1292(b). (ECF No. 14.) In the April Order,[1] the court denied Plaintiffs' Motion to Remand the case to the Lexington County (South Carolina) Court of Common Pleas. (ECF No. 13 at 18.) In the instant Motion, Plaintiffs request that the court either vacate the April Order and its finding of subject matter jurisdiction based on their negligence claim and remand the matter or certify the issue for an immediate interlocutory appeal to the United States Court of Appeals for the Fourth Circuit. (ECF No. 14 at 2.) SCE&G opposes the Motion asserting that Plaintiffs have not presented any arguments entitling them to reconsideration of the April Order. (ECF No. 15 at 1.) For the reasons stated below, the court **DENIES** Plaintiffs' Motion for Reconsideration and Motion to Certify Interlocutory Appeal.

---

[1] The April Order also contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (See ECF No. 13 at 1–2.)

I.	LEGAL STANDARD AND ANALYSIS

A.	<u>Plaintiffs' Motion for Reconsideration</u>

*1. Applicable Standard*

In their Motion for Reconsideration, Plaintiffs fail to specify the Federal Rule of Civil Procedure in which they are seeking relief. Generally, motions for reconsideration are raised pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." <u>Robinson v. Wix Filtration Corp.</u>, 599 F.3d 403, 407 (4th Cir. 2010); <u>see also</u> <u>Collison v. Int'l Chem. Workers Union</u>, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). <u>Loren Data Corp. v. GXS, Inc.</u>, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. <u>Hughes v. Bedsole</u>, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." <u>Lyles v. Reynolds</u>, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing <u>Exxon Shipping Co. v. Baker</u>, 554 U.S. 471, 485 n.5 (2008)).

Rule 60(b) allows the court to relieve "a party . . . from a final judgment, order, or proceeding" due to (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud . . . , misrepresentation, or misconduct"; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief."

Fed. R. Civ. P. 60(b); see also United States v. Winestock, 340 F.3d 200, 203–4 (4th Cir. 2003). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Id. at 313. "A motion for reconsideration under Rule 60(b) is addressed to the sound discretion of the district court and . . . [is] generally granted only upon a showing of exceptional circumstances." Lyles, 2016 WL 1427324, at *1 (citation and internal quotation marks omitted).

    *2. The Parties' Arguments*

Plaintiffs move the court for reconsideration of the April Order arguing that the court erred in applying the substantial federal question analysis outlined in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005),[2] to the facts of this case. (ECF No. 16 at 1–2.) However, even if Grable is applicable, Plaintiffs assert that in finding "the only source of any duty owed to Plaintiffs by Defendant arose out of Federal Laws pertaining to the regulation and operation of dams," the court "ignores longstanding case law from South Carolina regulating the construction and operation of dams" and fails to consider the lack of a private cause of action contained in the Federal Power Act ("FPA"), 16 U.S.C. §§ 791–828c. (ECF No. 14 at 5 (citations omitted).) Additionally, Plaintiffs assert that subject matter jurisdiction was erroneously created when the court found (1) "a dispute as to whether or not the

---

[2] To establish a substantial federal question, the state law claim must "[1] necessarily raise a stated federal issue, [2] actually disputed and [3] substantial, [4] which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314. "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." Gunn v. Minton, ___ U.S. ___, 133 S. Ct. 1059, 1065 (2013) (citing Grable, 545 U.S. at 313–14)).

FPA and the FERC[3] rules and regulations are applicable to Plaintiffs' negligence claim"; (2) the involvement of allegedly 'substantial' federal issues in this case; and (3) "that retaining jurisdiction over this case would not disrupt the Federal/State balance approved by Congress." (ECF No. 14 at 5–6.)  Based on the foregoing, Plaintiffs argue that the finding of subject matter jurisdiction was erroneous and, therefore, the court should remand the case to state court.  (Id. at 8.)

In its Response, SCE&G argues that Plaintiffs' Motion for Reconsideration only contains rehashed arguments that the court addressed and rejected in the April Order.  (ECF No. 15 at 1.)  In support of this argument, SCE&G asserts that "Plaintiffs merely repeat their prior arguments that SCE&G's duties with respect to operation and maintenance of the Lake Murray Dam nevertheless arise from state law and that this Court cannot have jurisdiction because the FPA does not provide for a private right of action" but "the cases cited by Plaintiffs do not support their argument for the simple reason that they do not involve FERC-licensed dams."  (Id. at 3–4.)  SCE&G further asserts that Plaintiffs fail to substantively challenge the court's determination that there are disputed federal issues that "are 'substantial' and that the resolution of this case in federal court will not disrupt the federal-state balance."  (Id. at 4.)  In this regard, SCE&G asserts that the court correctly applied the Grable analysis and appropriately denied Plaintiffs' Motion to Remand.  (Id. at 5.)  As a result, SCE&G requests that Plaintiffs' Motion for Reconsideration be denied.  (Id.)

*3. The Court's Review*

In the April Order, the court applied the Grable analysis and determined that it "has original jurisdiction over this action under 28 U.S.C. § 1331 and exclusive jurisdiction pursuant

---

[3] The Federal Energy Regulatory Commission ("FERC"), which is an independent agency within the Department of Energy that has jurisdiction over non-federal hydropower development under the FPA.

4

to 16 U.S.C. § 825" because "Plaintiffs' negligence claim involves substantial federal issues under the FPA as it relates to the FERC." (ECF No. 13 at 14.) In their Motion for Reconsideration, Plaintiffs generally reiterate the same arguments regarding the court's application of the Grable analysis that they made in their Motion to Remand. These arguments were not persuasive then and are not persuasive now. Moreover, the court is not persuaded by Plaintiffs' reference to "longstanding case law from South Carolina regulating the construction and operation of dams" when South Carolina has expressly declined to regulate dams owned or licensed by FERC in its Dam and Reservoirs Safety Act ("DARSA"), S.C. Code Ann. §§ 49-11-110 to -260 (2015). In section 49-11-120(4)(C) (2015), the South Carolina legislature expressly excludes from DARSA dams "owned or licensed by the Federal Energy Regulatory Commission [FERC], the South Carolina Public Service Authority, the Nuclear Regulatory Commission, the United States Corps of Engineers, or other responsible federal licensing agencies considered appropriate by the department; . . . ." Id. In consideration of the foregoing, the court finds that Plaintiffs do not provide any basis demonstrating why they are entitled to reconsideration of the April Order under either Rule 59 or Rule 60. Accordingly, the court must deny Plaintiffs' Motion for Reconsideration.

B.      Plaintiffs' Motion to Certify Interlocutory Appeal

   *1. Applicable Standard*

28 U.S.C. § 1292(b) allows a district court to certify an interlocutory appeal to the court of appeals when (1) the district court's prior order involves "a controlling question of law," (2) as to which there is "substantial ground for difference of opinion," and (3) the immediate appeal of the prior order "may materially advance the ultimate termination of the litigation." Id. "All three elements must be satisfied for certification." Gardner v. Country Club, Inc., C/A No.:

4:13-cv-03399-BHH, 2015 WL 7783556, at *8 (D.S.C. Dec. 3, 2015) (citations omitted). "Whether to certify an interlocutory appeal is within the district court's discretion." Id. (citations and quotation marks omitted).

### 2. *The Parties' Arguments*

In the alternative to their Motion for Reconsideration, Plaintiffs move the court to certify the April Order for immediate appeal to the United States Court of Appeals for the Fourth Circuit.  (ECF No. 14 at 7.)  Plaintiffs assert that the matter should be certified for interlocutory appeal because (1) the case "arises out of a significant event" in South Carolina resulting in the loss of life and the extensive property damage and (2) their "very right (as well as the rights of others similarly situated) to recover damages for their injuries are potentially impacted by the Court's Order" and "the parties in this case sharply disagree as to the applicability of Federal Law to this case."  (Id. at 7–8.)

SCE&G opposes the Motion to Certify an Interlocutory Appeal arguing that neither of the grounds asserted by Plaintiffs "meet the strict requirements of § 1292(b) certification."  (ECF No. 15 at 6.)  As to the first ground, SCE&G asserts that "the significance of the event that gave rise to this litigation has nothing to do with whether 'a controlling question of law exists about which there is a substantial basis for difference of opinion' or whether an 'immediate appeal from the order may materially advance the ultimate termination of the litigation.'"  (Id. at 7 (citing Butler v. DirectSAT USA, LLC, 307 F.R.D. 445, 452 (D. Md. 2015)).)  As to the second ground, SCE&G posits that Plaintiffs' disagreement with the court's analysis "is insufficient to meet the 'substantial ground for difference of opinion' requirement of § 1292(b).'"  (Id. at 7 (citing City of Charleston, S.C. v. Hotels.com, LP, 586 F. Supp. 2d 538, 548 (D.S.C. 2008)).)  Accordingly, SCE&G suggests that "Plaintiffs have failed to demonstrate that the requirements

6

under § 1292(b) are met and that certification for immediate interlocutory appeal is appropriate or warranted." (Id. at 8.)

    3.  *The Court's Review*

In their Motion to Certify an Interlocutory Appeal, Plaintiffs fail to provide specific argument as to how the issues addressed in the April Order satisfy the prerequisites for granting relief under section 1292(b). Upon review, the court finds that Plaintiffs' Motion to Certify an Interlocutory Appeal should be denied because they have not demonstrated how an immediate appeal of the April Order will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Instead, it is obvious to the court that "an interlocutory appeal would only further delay the ultimate termination of this case." E.g., Hartsock v. Goodyear Dunlop Tires N. Am. LTD, C/A No. 2:13-cv-00419-PMD, 2014 WL 11022098, at *4 (D.S.C. June 16, 2014). Accordingly, the court denies Plaintiffs' Motion to Certify an Interlocutory Appeal.

## II.    CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiffs' Motion for Reconsideration of the Order entered on April 19, 2016, and **DENIES** Plaintiffs' Motion for Certification pursuant to 28 U.S.C. § 1292(b). (ECF No. 14.)

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 2, 2016
Columbia, South Carolina

7